UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DANNIS WOODS,

    Plaintiff,

v.                                                          CASE NO.  5:14-cv-244-Oc-23PRL

STATE OF FLORIDA, et al.,

    Defendants,
_____/

## **ORDER**

On May 30, 2014, Woods was ordered (Doc. 3) either (1) to show cause within fourteen days why this action under 42 U.S.C. § 1983 should not be dismissed for failure to pay the filing fee or (2) to move for leave to proceed *in forma pauperis.* Woods fails to respond.

The Prison Litigation Reform Act of 1996 amended 28 U.S.C. § 1915 to add:

> (g) In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

With more than three civil actions or appeals dismissed as frivolous, malicious, or failing to state a claim for relief, and absent imminent danger of serious

physical injury, Woods is subject to Section 1915(g)'s three-strikes bar.[*] *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004), holds that "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." General allegations, not grounded in specific facts that show serious and imminent physical injury, fail to invoke the exception in Section 1915(g) to the "three-strikes" bar. The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). Vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). A prisoner's claim of past imminent danger is insufficient. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a plaintiff's placement in administrative confinement – before the filing of a complaint – ends the threat of assault by other prisoners, and the exception is not triggered).

The Department of Corrections' online Corrections Offender Information Network shows that Woods is incarcerated at Santa Rosa C.I. Woods's complaint concerns alleged events at Lake C.I. and Union C.I. Woods fails to allege facts

---

[*] *Woods v. Davie,* case number 3:08-cv-238-J-33HTS, Docket No. 6 (M.D. Fla. Apr. 2, 2008) (dismissing as an abuse of the judicial process); *Woods v. Fla. State Prison Sec. Staff,* case number 3:08-cv-239-J-20TEM, Docket No. 5 (M.D. Fla. Apr. 4, 2008) (dismissing as an abuse of the judicial process); *Woods v. Clemons*, case number 3:08-cv-240-J-25JRK, Docket No. 5 (M.D. Fla. Mar. 31, 2008) (dismissing as an abuse of the judicial process); *Woods v. Hall*, case number 5:09-cv-323-Oc-10GRJ, Docket No. 5 (M.D. Fla. Aug. 11, 2009) (dismissing case as frivolous) and Docket No. 14 (11th Cir. 2010) (dismissing appeal as frivolous). *See also Woods v. UCI,* case number 3:11-cv-1275-J-37JBT, Docket No. 4 (M.D. Fla. Dec. 30, 2011) (denying leave to proceed as a pauper pursuant to § 1915(g) and dismissing case without prejudice).

demonstrating an imminent danger of serious physical injury.  A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the full filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status.  He must pay the filing fee at the time he *initiates* the suit.")  Woods did not pay the filing fee at the time he initiated the action, and he has not responded to the order to show cause.  Accordingly, the action is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(g).  The Clerk is directed to enter judgment, to terminate any pending motion, and to close the case.

ORDERED in Tampa, Florida, on June 27, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE